IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY HERNANDEZ, as Administrator of the Estate of ALEX ALVAREZ, deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>VIPIN SHAH, MD, DEENA SEED, AMY FREY, AMY THURMAN, PAMELA WARD, and WEXFORD HEALTH SOURCES, INC.,<br><br>**Defendants.** | Case No.  3:22-cv-566-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This is a medical malpractice and deliberate indifference case involving a delay in authorizing Amy Hernandez's decedent, Alex Alvarez, medical attention and care. Alex Alvarez died of cardiopulmonary arrest secondary to massive gastrointestinal hemorrhage. The parties were unable to reach an agreement on numerous discovery requests. As a result, the Court held a discovery dispute conference where Defendants' objections were overruled, but Wexford Health Sources, Inc. ("Wexford") was granted the opportunity to file a brief on the burden of producing items related to Request for Production ("RFP") 10, 23, 24 and RFP 7 and 8 to Individual Defendants, in light of its counsel's assertions at the hearing. (Doc. 74).

Wexford also was ordered to "provide which states it is involved with inmate medical care because of its assertions that its search would be nationwide." (Doc. 74, p. 2). As the undersigned suspected, Wexford does not operate nationwide. Rather, "[i]n 2020, Wexford operated in Alabama (Statewide prison system), Arizona (two jails), Indiana (Statewide prison system), Illinois (Statewide prison system and three jails), New Mexico (Statewide prison system), Pennsylvania (three jails), and

West Virginia (Statewide prison system)." (Doc. 75, p. 2). Even "[i]f the time frame is expanded outside 2020, to 2017-2020 [only] two more states need to be included." (*Id*.).

## LEGAL STANDARD

A district court has broad discretion in discovery matters, including ruling on motions to compel. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). Generally, the parties are permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). Regarding discovery, "[p]arties are entitled to a reasonable opportunity to investigate the facts—and no more." *Vakharia v. Swedish Covenant Hosp*., 1994 WL 75055, at *2 (N.D. Ill. Mar. 9, 1994).

Parties seeking discovery may move for an order compelling documents if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection— as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv). An evasive or incomplete disclosure, answer, or response is considered a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4).

## DISCUSSION

**I. RFP 10 to Wexford—Documents Showing the Individuals Employed by Wexford at Other IDOC Facilities**

Hernandez seeks "[a]ll documents showing the individuals employed by Wexford at each IDOC facility and any vacancies in Wexford positions at each facility since January 1, 2017." (Doc. 70-1, p. 5).

Now for the first time, Wexford argues it does not understand what is meant by "all documents." (Doc. 75, p. 2). Wexford takes this new confusion of "all documents" and asserts that the documents covered by this request include personnel files, work schedules, "the medical files of approximately 38,000 inmates that would likely contain references to Wexford employees," time cards and payroll records, and "e-mails or other communications sent to or received by Wexford employees during the relevant time periods," as well as "job postings, contracts and communications with outside recruiting

vendors, and resumes, background checks, interview reports and other documents from candidates regardless of whether they were hired." (*Id*. at p. 3). Wexford asserts that the request "would require search and collection of over 40,000 groups of documents with over 100,000,000 pages of handwritten medical records." (*Id*. at p. 4).

Like the assertion that Wexford operates nationwide, the Court is frustrated with Wexford's assertion that this request would require a search of *100,000,000* pages of handwritten medical records. As Hernandez points out, "[a]fter multiple meet and confers, and Rule 37 correspondence, Wexford is well aware that Plaintiff does not adopt such an incredibly broad interpretation of this request." (Doc. 77, p. 5). Hernandez again notes that she seeks "documents identifying or listing the employees and vacancies at each facility." (*Id*.). Hernandez even refers back to her Rule 37 letter where she noted that "Wexford must have maintained a roster of the individuals it employed and the vacancies it permitted at the IDOC facilities where it provided services." (Doc. 70-3, p. 4).

Rather than wasting the Court's time belaboring Wexford's assertions, the Court will simply overrule Wexford's objections. Wexford shall provide any documents identifying or listing the employees and vacancies at each facility **on or before September 1, 2023**.

**II.    RFP 23, 24 to Wexford / RFP 7, 8—Documents Related to Review of the Quality of Care Provided By the Individual Defendants or the Death of Patients Under the Care of the Individual Defendants**

*A. RFP 23*

In RFP 23, Hernandez seeks "[a]ll documents relating to any review since January 1, 2010 of the quality of care provided by Defendant Dr. Vipin Shah, Deena Seed, Amy Frey, Amy Thurman, or Pamela Ward, including all peer reviews and corrective action plans ["CAPs"]." (Doc. 70-1, p. 11).

Wexford argues "[t]o ensure that complete production of all CAPs involving those four nurses for the time period January 2010 - present, Wexford estimates it would take at least 75 hours to search through thirteen years of CAPs." (Doc. 75, p. 4). Hernandez fittingly responds that "Wexford does not

explain why it would take this long." (Doc. 77, p. 6). "For example, Wexford does not say whether there are, in fact, any other facilities where Nurses Seed, Frey, Thurman, and Ward provided services." (*Id.*). "Nor does Wexford identify the total number of CAPs it would have to review to find those issued to Nurses Seed, Frey, Thurman, and Ward. Wexford once more fails to make the specific showing required to support its claim of undue burden." (*Id.*).

Accordingly, Wexford's objections are overruled. Wexford shall provide the documents responsive to this request **on or before September 1, 2023**.

B. **RFP 24**

In RFP 24, Hernandez seeks "[a]ll documents relating to the review of the *death* of any patient under the care of Defendant Dr. Vipin Shah, Deena Seed, Amy Frey, Amy Thurman, or Pamela Ward, including *all death summaries, mortality review worksheets, morbidity survey reports*, peer reviews, and corrective action plans." (*Id.*) (emphasis added). Wexford objects "[t]o ensure complete production, Wexford estimates it would take 200-300 hours of searching to identify those inmates that died while at Lawrence CC who had received at least some care from Dr. Shah of [sic] the four nurses, and additional time to locate the requested documents related to those inmates (or to verify that no review of the inmate's occurred)."

Like in RFP 23, Wexford "fails to support its claim of burdensomeness in relation to Request for Production 24." (Doc. 77, p. 7). Accordingly, Wexford's objections are overruled. Wexford shall provide the documents responsive to this request **on or before September 1, 2023**.

C. **RFPs 7 & 8**

RFPs 7 & 8 mirror RFPs 23 & 24. Wexford objects noting the following:

> With respect to Requests #7 and #8 to the Individual Defendants, Wexford interprets these requests to seek documents responsive thereto that are in the individual Defendants' personal possession, and will confirm with each individual that they do not personally possess any responsive documents or produce any documents in their possession (Ex. 1 at ¶ 25). To the extent that the Court is requesting an analysis of the burden placed on

Wexford in locating potentially relevant documents, please see above (Ex. 1 at ¶ 26). (Doc. 75, p. 8). For the reasons discussed above, Wexford's objections are overruled. Wexford shall provide the documents responsive to this request **on or before September 1, 2023**.

**IT IS SO ORDERED.**

DATED:  August 2, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**