IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *AMY HERNANDEZ, as Administrator of the Estate of ALEX ALVAREZ, deceased,* ) ) ) | |
| Plaintiff, ) ) | |
| v.                                                        ) ) | Case No. 3:22-cv-00566-NJR |
| *VIPIN SHAH, MD, DEENA SEED, AMY FREY, AMY THURMAN, PAMELA WARD and WEXFORD HEALTH SOURCES, INC.,* ) ) ) ) ) | |
| Defendants.                              ) | |

### **DEFENDANTS WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., DEENA SEED, AMY FREY, AMY THURMAN, AND PAMELA WARD'S MOTION TO BIFURCATE TRIAL AND STAY DISCOVERY ON MONELL CLAIMS**

COME NOW Defendants Wexford Health Sources, Inc., Vipin Shah, M.D., Deena Seed, Amy Frey, Amy Thurman, and Pamela Ward, by and through their attorneys Sandberg Phoenix & von Gontard, P.C., and for their motion to bifurcate the *Monell* claims from other asserted claims, state as follows:

1. Under Federal Rule of Civil Procedure 42(b), the court may, in the interest of convenience, avoiding prejudice, or expediting and economizing the case, order a separate trial of separate claims. *F.R.C.P. 42(b)*. Bifurcation may be appropriate if the separation would prevent prejudice to a party or promote judicial economy. *Horton v. City of Chi.*, No. 13-cv-6865, 2016 U.S. Dist. LEXIS 9478 (N.D. Ill. Jan. 26, 2016). The Seventh Circuit has emphasized that only one of the above criteria, prejudice or judicial economy, needs to be satisfied for a court to grant bifurcation. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007).

2. Plaintiff has asserted claims against individual defendants and a *Monell* claim against Wexford Health Sources, Inc. Bifurcating the *Monell* claim has several advantages. First,

a disposition of the individual claims will either legally or practically end the litigation. If plaintiff fails to prove that she suffered a constitutional injury based on the individual defendants' conduct, plaintiff's claims against the individual defendants fail and, as such, so does plaintiff's *Monell* claim against Wexford. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Second, bifurcation is likely to bring about an earlier disposition of the suit because bifurcation allows a bypass of additional discovery relating to the *Monell* claims, which will only add additional significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process. *See Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000). Third, bifurcation of the *Monell* claims is necessary to avoid the extreme prejudice to the individual defendants. *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117 (7th Cir. 1999). As recently as February 13, 2024, at a status conference in this matter, Plaintiff's counsel has described their *Monell* claim as involving "a person who was killed by a doctor with a pattern of killing people over and over again and has his actions covered up by his company." There is absolutely no way Dr. Shah can receive a fair trial, free from undue prejudice, with that argument being hurled against his employer even if, to borrow plaintiff's counsel's words, the jury is given a limiting instruction "over and over again." Defendants incorporate herein their Memorandum of Law in support of this motion filed contemporaneously herewith setting out additional reasons why bifurcation is not only appropriate but also necessary.

    3.    As the Court is already aware, discovery on the *Monell* claim has been extensive. Plaintiff plans additional costly and burdensome discovery which will be a waste of resources if no individual who the court may find, as a matter of law, cannot be held to have been deliberately indifferent. Without that additional discovery, the parties will be able to move more

quickly to expert discovery and dispositive motions, which may very well limit, if not eliminate, Plaintiff's *Monell* theories.

WHEREFORE, Defendants request this Honorable Court grant their Motion for Bifurcated Trial and Stay Discovery on the *Monell* claims, and order Plaintiff's *Monell* claims tried only if she prevails on her claims against the individual defendants.

SANDBERG PHOENIX & von GONTARD P.C.


By: /s/Rodney M. Sharp
Rodney M. Sharp, #6191776IL
Dennis S. Harms, #6291610IL
Alejandro S. Valdez, #68528MO
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
rsharp@sandbergphoenix.com
dharms@sandbergphoenix.com
alvaldez@sandbergphoenix.com

*Attorneys for Defendants Wexford Health Sources, Inc., Vipin Shah, M.D., Deena Seed, Pamela Ward, Amy Frey and Amy Thurman*

### Certificate of Service

I hereby certify that on this the 23rd day of February 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Marko Duric | Nicholas V. Loizzi |
| Robert Robertson | Shauna M. Reitz |
| Robertson Duric | Loizzi Law Offices |
| marko@robertsonduric.com | nloizzi@Loizzilaw.com |
| robrobertson1@sbcglobal.net | sreitz@loizzilaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

/s/Rodney M. Sharp

3

24961426.v2